**David C. PATKINS, Plaintiff–Appellant,**

v.

**R. GONZALES; et al., Defendants–Appellees.**

No. 11–17413.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2014.*

Filed Feb. 28, 2014.

David C. Patkins, Tehachapi, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

### MEMORANDUM **

California state prisoner David C. Patkins appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging retaliation and due process violations in connection with a false rules violation report. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Whitaker v. Garcetti,* 486 F.3d 572, 579 (9th Cir.2007) (dismissal under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)); *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Patkins's action as *Heck*-barred because Patkins failed to allege facts showing that the results of the disciplinary hearing, including the loss of good-time credits, has been invalidated. *See Edwards v. Balisok,* 520 U.S. 641, 645, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (challenge to loss of good-time credits not cognizable under § 1983); *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364 (§ 1983 claims that necessarily challenge the fact or duration of confinement are barred unless the underlying conviction or sentence has been invalidated).

We reject Patkins's contention that this court improperly denied his motion to stay appellate proceedings.

** This disposition is not appropriate for publication and is not precedent except as provid-

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

### AFFIRMED.